# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BULLET POWDERCOATING, LLC,
BULLET CONCEPTS, LLC,
and ROBERT RUNMAN,

                                                Case No.:  8:18-cv-852-EAK-CPT

        Plaintiffs,

v.

TWIST AFTERMARKET, LLC, and
DOUGLAS A. JOHNSON,

        Defendants.
_____/

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to

Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1)** <br> **[Court recommends 30 days after CMR meeting]** | **July 5, 2018** |
| **Certificate of Interested Persons and Corporate Disclosure Statement** <br><br> **[Each party who has not previously filed must file immediately]** | **Plaintiffs' filed June 4, 2018** <br><br> **Defendant, Twist Aftermarket, LLC filed June 8, 2018** |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Motions to Add Parties or to Amend Pleadings**<br>**[Court recommends 1 - 2 months after CMR meeting]** | **August 6, 2018** |
| **Disclosure of Expert Reports**<br><br>**Plaintiff:**<br><br>**Defendant:**<br><br>**[Court recommends 1 - 2 months before discovery deadline to allow expert depositions]** | **February 1, 2019, as to experts on topics for which party bears burden of proof**<br><br>**February 22, 2019, as to rebuttal experts** |
| **Discovery Deadline**<br>**[Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date]** | **March 29, 2019** |
| **Dispositive Motions, *Daubert,* and *Markman* Motions**<br>**[Court requires 5 months or more before trial term begins]** | **April 26, 2019** |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br>**[10 days before Joint Final Pretrial Statement]** | **August 9, 2019** |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)**<br>**[Court recommends 6 weeks before Trial]** | **August 19, 2019** |
| **All Other Motions Including Motions *In Limine***<br>**[Court recommends 1 weeks before Final Pre-trial Conference]** | **August 26, 2019** |
| **Final Pretrial Conference**<br>**[As needed, the Court will set a date that is approximately 4 weeks before trial]** | **September 2, 2019** |
| **Trial Briefs**<br>**[Court recommends 2 weeks before Trial]** | **September 16, 2019** |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Trial Term Begins**<br>**[Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms typically begin on Monday preceding the 1st day on the month; trials before magistrate judges will be set on a date certain after consultation with the parties]** | **September 30, 2019** |
| **Estimated Length of Trial  [trial days]** | **3** |
| **Jury / Non-Jury** | **Jury** |
| **Mediation**<br><br>**Deadline:**        **December 14, 2018**<br><br>**Mediator:**      **James Matulis**<br>**Address:**       **9806 Gretna Green Drive**<br>                **Suite 100**<br>                **Tampa, FL 33626**<br><br>**Telephone:**    **(813) 451-7347**<br><br>**[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline]** | |
| **All Parties Consent to Proceed Before Magistrate Judge** | **Yes**_____<br>**No   X**<br><br>**Likely to Agree in Future** _____ |

**I.      Meeting of Parties in Person**

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise.  Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] **a meeting was held by telephone on June 5, 2018, (date) at 1:30 p.m.** (time) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| **Richard E. Fee, Esq** | **Plaintiffs** |
| **Thomas E. Anderson, Esq.** | **Defendant, Twist Aftermarket, LLC** |

**II.      Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties _____ have exchanged __X__ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A)(i) – (iv) (check one) _____on __X__ by **July 5,  2018** (date).

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

---

[1]      A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

**III.     Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

\_\_\_ No party anticipates the disclosure or discovery of ESI in this case;

 **X** One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

A.     The form or forms in which ESI should be produced.

B.     Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C.     Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D.     The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

---

   [2]     See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26 (f) and Rule 16.

E.     The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F.     Any issues relating to preservation of discoverable ESI.

G.     Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502.  If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report.  The parties should attempt to agree on protocols that minimize the risk of waiver.  Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

H.     Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each: N/A.

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions.  Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

**X** All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

IV.     **Agreed Discovery Plan for Plaintiffs and Defendants**

A.     **Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

_____ Yes          **X** No

**Defendant Twist Aftermarket, LLC filed its Certificates of Interested Persons and Corporate Disclosure Statements on June 8, 2018;**

**Amended Certificate(s) will be filed by each party upon receipt of information warranting amendment.**

**B.     Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f).  The parties further agree as follows:

**C.     Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).  Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A).  Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a).  Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours.  Fed.R.Civ.P. 30(d)(2).  The parties may agree by stipulation on other limits on discovery.  The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.  Fed.R.Civ.P. 29.  In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:  **N/A**

         1.     Depositions

         2.     Interrogatories

         3.     Document Requests

         4.     Requests to Admit

         5.     Supplementation of Discovery

**D.      Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.  In addition, the parties agree as follows:

**E.      Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.  The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

**F.      Confidentiality Agreements**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

**The parties anticipate filing a joint motion for the entry of a protective order to address the handling of confidential information.**

      **G.      Other Matters Regarding Discovery**

**V.      Settlement and Alternative Dispute Resolution**.

      **A.      Settlement**

The parties agree that settlement is

_____ likely **X** unlikely         (check one)

The parties request a settlement conference before a United States Magistrate Judge.       yes _____       **no X**       likely to request in future _____

      **B.      Arbitration**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

      yes _____       **no X**       likely to agree in future _____

_____ Binding

_____ Non-Binding

**C.      Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation: **December 14, 2018**. The list of mediators I available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

**D.      Other Alternative Dispute Resolution**

The parties intended to pursue the following other methods of alternative dispute resolution:  **Not applicable.**

Date: June 12, 2018

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

| | |
|---|---|
| */s/ Richard E. Fee* | */s/ Thomas E. Anderson* |
| Richard E. Fee | Thomas E. Anderson |
| Florida Bar No. 813680 | Florida Bar No. 34231 |
| Kathleen M. Wade | Dinsmore & Shohl LLP |
| Florida Bar No. 127965 | 900 Wilshire Drive |
| Fee & Jeffries, P.A. | Suite 300 |
| 1227 N. Franklin Street | Troy, MI 48084 |
| Tampa, Florida 33602 | (248) 203-1607 |
| (813) 229-8008 | (248) 647-5210 (Facsimile) |
| (813) 229-0046 (Facsimile) | Thomas.anderson@dinsmore.com |
| rfee@feejeffries.com | |
| kwade@feejeffries.com | and |
| | |
| **Counsel for Plaintiffs,** | Alan Oravec |
| **Bullet Powdercoating, LLC,** | Florida Bar No. 336947 |
| **Bullet Concepts, LLC and Robert** | 6701 Avenue A, Apt. 8 |
| **Runman** | Sarasota, FL 34231 |
| | (941) 922-9339 |
| | alan@srqlawyes.com |
| | **Counsel for Defendant,** |
| | **Twist Aftermarket, LLC** |